# EXHIBIT A

SCANNED

## IN THE CIRCUIT COURT OF WAYNE COUNTY, WEST VIRGINIA

BRANDY SIGMAN and all other persons and )
entities listed in Exhibit A to this complaint )
)
PLAINTIFFS, )
) CASE NO. 15-C-165
VS. )
)
CSX CORPORATION, a Virginia Corporation, )
and CSX TRANSPORTATION, INC., a Virginia )
Corporation )
)
DEFENDANTS, )

### SUMMONS

TO THE ABOVE-NAMED DEFENDANT:

CSX Corporation, a Virginia Corporation
500 Water Street
Jacksonville, FL. 32202

IN THE NAME OF THE STATE OF WEST VIRGINIA:

You are hereby summoned and required to serve upon P. Rodney Jackson counsel for plaintiff, whose address is Law Office of P. Rodney Jackson, 401 Fifth Third Center, 700 Virginia Street, East, Charleston, WV 25301, an Answer, including any related counterclaim or defense you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is hereby delivered to you. You are required to serve your Answer within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, thereafter judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted in the above-styled civil action.

Dated: September 1, 2015

_____
Clerk of the Court

FILED
CIRCUIT CLERK'S OFFICE
2015 SEP -1 PM 2:36
WAYNE COUNTY, WV
BY

Case 3:15-cv-13328 Document 1-1 Filed 09/21/15 Page 3 of 15 PageID #: 38
Case 2:15-cv-11111 Document 12469-1 Filed 09/21/15 Page 3 of 15 PageID #: 175290
09/02/2015 20:58 3042723496 PAGE 01/14

# CIVIL CASE INFORMATION STATEMENT
# CIVIL CASES

**SCANNED**

In the Circuit Court of <u>Wayne</u> County, West Virginia

---

I. CASE STYLE:

15-C-165
Young

Plaintiff(s)　　　　　　　　　　　　　　　Case # 14-C-1684

<u>BRANDY SIGMAN and all other persons and</u>

<u>Entities listed in Exhibit A to this complaint</u>

vs.

Defendant(s)　　　　　Days to Answer　　Type of Service

<u>CSX CORPORATION, a Virginia Corporation</u>　　30　　Secretary of State

<u>500 Water Street</u>
Street

<u>Jacksonville, FL. 32202</u>
City, State, Zip

<u>CSX TRANSPORTATION, INC., a Virginia</u>　　30　　Secretary of State

<u>Corporation</u>

<u>500 Water Street</u>
Street

<u>Jacksonville, FL. 32202</u>
City, State, Zip

FILED 2015 SEP -1 PM 2:28 WAYNE COUNTY, WV CIRCUIT CLERK'S OFFICE

Original and _____ copies of complaint furnished herewith.

mailed: to Sec. State w/ 45.⁰⁰ check
pd. 205.⁰⁰ (200 Filing fee + 5. mail fee)

Case 3:15-cv-13328 Document 1-1 Filed 09/21/15 Page 4 of 15 PageID #: 39
Case 2:15-cv-11111 Document 12469-1 Filed 09/21/15 Page 4 of 15 PageID #: 175291
09/02/2015 20:56 3042723496 PAGE 02/14

| PLAINTIFF: BRANDY SIGMAN and all other persons and entities listed in Exhibit A to this complaint  DEFENDANT: CSX CORPORATION, a Virginia Corporation, and CSX TRANSPORTATION, INC., a Virginia Corporation | CASE NUMBER: |
|---|---|

II. TYPE OF CASE:

| TORTS | OTHER CIVIL | |
|---|---|---|
| Asbestos | Adoption | Appeal from Magistrate Court |
| Professional Malpractice | Contract | Petition for Modification of Magistrate Sentence |
| Personal Injury | Real Property | Miscellaneous Civil |
| Product Liability | Mental Health | Other–Fraud |
| X Other Tort | Appeal of Administrative Agency | |

III. JURY DEMAND: X Yes ___ No

CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR):

IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE? ___YES X NO
IF YES, PLEASE SPECIFY:

___ Wheelchair accessible hearing room and other facilities

___ Interpreter or other auxiliary aid for the hearing impaired

___ Reader or other auxiliary aid for the visually impaired

___ Spokesperson or other auxiliary aid for the speech impaired

___ Other:

Attorney Name: P. Rodney Jackson (WV Bar No. 1861)
    Firm:    Law office of P. Rodney Jackson
    Address:  401 Fifth Third Center
               700 Virginia Street, East
               Charleston, WV 25301

Telephone: (304) 720-6783 Cell: 843-870-6879

Representing:
X Plaintiff ___ Defendant

___ Cross-Complainant ___ Cross-Defendant

Dated: September 1, 2015

_____
Signature

___ Pro Se

Case 3:15-cv-13328 Document 1-1 Filed 09/21/15 Page 5 of 15 PageID #: 40
Case 2:15-cv-11111 Document 12469-1 Filed 09/21/15 Page 5 of 15 PageID #: 175292
09/02/2015 20:56 3042723496 PAGE 03/14

**SCANNED**

IN THE CIRCUIT COURT OF WAYNE COUNTY, WEST VIRGINIA

| | |
|---|---|
| BRANDY SIGMAN and all other persons and entities listed in Exhibit A to this complaint | ) ) ) |
| PLAINTIFFS, | ) ) |
| VS. | ) CASE NO. 15-C-165 ) |
| CSX CORPORATION, a Virginia Corporation, and CSX TRANSPORTATION, INC., a Virginia Corporation | ) ) ) ) |
| DEFENDANTS, | ) |

FILED 2015 SEP -1 PM 2:28 CIRCUIT CLERK'S OFFICE WAYNE COUNTY, WV

## COMPLAINT

Plaintiff, Brandy Sigman, and all other persons and entities listed in Exhibit A to this complaint, by and through undersigned counsel for her complaint against defendants, CSX Corporation, A Virginia corporation, and CSX Transportation, Inc., a Virginia corporation, state as follows:

### PARTIES AND JURISDICTION

1. All plaintiffs are citizens of the State of West Virginia and residents of Fayette County.

2. Defendant CSX Corporation (hereinafter "CSX") is a Virginia Corporation with its principal place of business in Jacksonville, Florida. Defendant CSX is one of the nation's largest transportation companies providing rail based transportation services.

3. Defendant CSX Transportation, Inc. (hereinafter "CSXT"), is a Virginia corporation with its principal place of business in Jacksonville, Florida. CSXT is the operating subsidiary of defendant CSX and provides rail transportation services utilizing over 21,000 miles of rails in 23 states, including rails in Wayne County, West Virginia.

1

Case 3:15-cv-13328 Document 1-1 Filed 09/21/15 Page 6 of 15 PageID #: 41
Case 2:15-cv-11111 Document 12469-1 Filed 09/21/15 Page 6 of 15 PageID #: 175293
09/02/2015 20:58 3042723496 PAGE 04/14

4. This Court has venue and personal jurisdiction over this action as the defendants conduct business in Wayne County, West Virginia.

5. This Court has subject matter jurisdiction over this action over the claims set forth in this Complaint, as the claims do not arise out of federal law. The plaintiffs seek no relief under any federal laws or regulations, assert no federal claims, and withdraw any asserted state claim that is preempted by federal law. The claims herein are brought solely under various state common and state statutory laws. Any claims or possible claims under any federal law, code, regulation, rule, and/or otherwise are expressly not brought herein and disclaimed. The United States District Court does not have diversity jurisdiction over this case because each plaintiff stipulates that their individual damages do not exceed $75,000.00.

## STATEMENT OF FACTS

6. On February 16, 2015, Defendants CSX and CSXT negligently operated a train comprised of 2 locomotives and 109 tanker cars headed from North Dakota to Yorktown, Virginia, over rails in or near Mount Carbon, Fayette County, West Virginia. As a result of the negligent operation of the subject train, between 14 and 17 tanker cars derailed spilling thousands of gallons of highly flammable Bakken crude oil onto the ground and into the Kanawha River. In addition to the contamination of the river, several explosions and fires occurred as a direct result of the train derailment. Approximately 300 families had to be evacuated.

7. As a result of the crude oil spill, water service was interrupted for the communities of Montgomery, Smithers, Cannelton, London, Handley and Hughes Creek.

8. As a further result of the contaminated water supply, Governor Tomblin declared a state of emergency in the affected communities.

9. The plaintiffs have suffered damages from interruption of normal personal pursuits and business activities and opportunities, which include purchase of water, lost income, and evacuation.

10. The plaintiffs have suffered economic loss along with loss of use, annoyance, and inconvenience as a result of the inadequate amounts of water left in the system once the intakes were closed.

## COUNT I – NEGLIGENCE

Plaintiffs incorporate the allegations set forth above and further state:

11. Upon information and belief, at all times while the Defendants owned and/or operated said rail cars, and at all times while they operated said rail cars over the railroad on which the catastrophe occurred, Defendants knew or in the exercise of reasonable care should have known that the negligent operation of said rail cars, and/or of said railroad, could cause damage to the Plaintiffs. Defendants further knew that dangerous substances, including incendiary, toxic, and hazardous substances, chemicals, and particulates, were present which were capable of causing human injury by igniting, spreading, and contaminating water, air, and soil in Fayette County.

12. In the process of operating their rail cars and the road over which the rail cars traveled, and in loading and handling large quantities of incendiary, toxic, and hazardous substances, the Defendants created foreseeable risks of harm to the Plaintiffs which Defendants knew or in the exercise of reasonable care should have known.

13. The damages sustained by Plaintiffs are and were proximately caused by the negligence of the Defendants in failing to guard against and prevent the aforementioned foreseeable risks from materializing. The Defendants negligently operated the rail cars and/or the

3

Case 3:15-cv-13328 Document 1-1 Filed 09/21/15 Page 8 of 15 PageID #: 43
Case 2:15-cv-11111 Document 12469-1 Filed 09/21/15 Page 8 of 15 PageID #: 175295
09/02/2015 20:58 3042723496 PAGE 06/14

railroad where the catastrophe occurred and failed to take all due and proper measures to prevent the catastrophe from occurring, including taking measures to repair railroad ties which, on information and belief, were rotted, decayed, and otherwise compromised and not performing as designed. Defendants failed to operate the cars and/or railroad in a safe manner and neglected to monitor for safety the operations of the cars and/or railroad. The Plaintiffs were foreseeable victims of these negligent acts and omissions, and they sustained damages from the acts and omissions.

14. The Defendants, by and through its agents and employees who were acting within the scope of their employment, failed to exercise ordinary care for Plaintiffs' safety and the safety of their property by failing to prevent spills and leaks of harmful chemicals and to manage such spills if and when they occurred; failed to exercise ordinary care in the operation of the train in question; failed to exercise ordinary care in causing and failing to prevent the leaks and discharges of harmful chemicals; and failed to exercise ordinary care under the circumstances in the management of the derailment, leaks and discharges for the Plaintiffs' safety and for the safety of their property in one or more of the following ways:

a. It failed to properly inspect, maintain, and repair the train, track, tank cars and their contents, components, and related parts to assure their safe use for the handling and transportation of harmful chemicals;

b. It failed to properly maintain and operate the train in question so as to prevent the derailment and discharge of harmful chemicals;

c. It failed to detect the likelihood of the release or discharge of harmful chemicals from the tank cars in the event of a derailment;

d. It failed to implement policies to prevent or minimize the risk of injury to persons and property in the event of the release or escape of harmful chemicals from its tank cars;

4

Case 3:15-cv-13328 Document 1-1 Filed 09/21/15 Page 9 of 15 PageID #: 44
Case 2:15-cv-11111 Document 12469-1 Filed 09/21/15 Page 9 of 15 PageID #: 175296
09/02/2015 20:56 3042723496 PAGE 07/14

e. It failed to provide procedures or devices to detect, prevent, and abate the discharge of harmful chemicals in the event of a derailment;

f. It failed to warn persons in the areas at risk of the dangerous conditions of the train, tank cars, track, and contents of the tank cars;

g. It allowed an unreasonably dangerous condition to exist on the train, track, and tank cars when it knew or should have known that persons and property in their vicinity would be exposed to the danger of harmful chemicals;

h. It used improper and substandard welding materials and techniques in the maintenance of its rails, resulting in the failure of the rails and the derailment in question.

15. Defendants' conduct as set forth above constitutes a breach of the common law duties owed to Plaintiffs.

16. As a direct and proximate result of one or more of the foregoing acts or omissions, individually or in combination, Plaintiffs were injured and damaged in one or more of the following ways:

a. They breathed the harmful chemicals, causing present and potential future damage to their lungs and other bodily organs and tissues;

b. Their skin was exposed to the harmful chemicals, resulting in present and potential future damage to their skin and other bodily organs and tissues;

c. The harmful chemicals polluted and contaminated their food and water supplies;

d. They have experienced physical and mental pain and suffering, fear, anguish, discomfort, and emotional distress, and they will continue to do so in the future, including the fear of future adverse medical consequences and dread diseases;

e. They were required to evacuate their homes and businesses, resulting in severe annoyance, inconvenience and, in some cases, expense and/or loss of income;

f. They have incurred medical and related expenses, and will incur such expenses in the future;

g. They have lost wages, earning capacity, and other income, and will experience such losses in the future;

5

Case 3:15-cv-13328 Document 1-1 Filed 09/21/15 Page 10 of 15 PageID #: 45
Case 2:15-cv-11111 Document 12469-1 Filed 09/21/15 Page 10 of 15 PageID #: 175297
09/02/2015 20:58 3042723496 PAGE 08/14

h. They will be required to expend sums to clean the harmful chemical contamination from their real and personal property;

i. To the extent that they are unable to clean the harmful chemical contamination from their real and personal property, the property will be diminished in value as a result of the contamination;

j. The harmful chemicals have caused damage to the plaintiffs' real and personal property;

k. The plaintiffs will be required to undergo medical monitoring to detect future physical harm resulting from contact with the harmful chemicals;

l. The plaintiffs will be required to sample their property to determine whether their property has been contaminated and the extent of that contamination.

17. The Defendants had a duty to warn arising in conscience, common law, and/or statutory rules, codes, and regulations. They breached that duty. The breach was wanton, willful, and/or grossly negligent. The failure to timely warn was carried out in reckless, conscious disregard of the potential for harm to others.

18. As a proximate result of the foregoing the Plaintiffs were damaged.

## COUNT II – PUBLIC NUISANCE

Plaintiffs incorporate the allegations set forth above and further state:

19. Defendants' operations constitute an unreasonable interference with the exercise of rights common to the general public, significantly interfering with public health, safety and peace.

20. The release and migration of toxic substances into the area waterways damage or inconvenience an indefinite number of people living along or otherwise using the affected waterways such as to constitute a public nuisance.

21. Defendants' operations were the proximate cause of Plaintiffs' special injuries as set forth above.

6

Case 3:15-cv-13328 Document 1-1 Filed 09/21/15 Page 11 of 15 PageID #: 46
Case 2:15-cv-11111 Document 12469-1 Filed 09/21/15 Page 11 of 15 PageID #: 175298
09/02/2015 20:58 3042723496 PAGE 09/14

## COUNT III – PRIVATE NUISANCE

Plaintiffs incorporate the allegations set forth above and further state:

22. The Plaintiffs are entitled to the reasonable use and enjoyment of their property without annoyance and/or disturbance rendering its ordinary use or physical occupation uncomfortable.

23. Defendants' operations and the negligent release of toxic substances which have migrated to the Plaintiffs' residences, disturbed their use of the subject property and rendered its physical occupation uncomfortable.

## COUNT IV – TRESPASS

Plaintiffs hereby incorporate by reference each and every allegation set forth above.

24. Defendants negligently caused the release of contaminants into the atmosphere and properties upon which Plaintiffs and the Class Members reside and use for recreational and/or commercial purposes.

25. As a direct and proximate result of Defendants' continuing trespass and engaging in the above mentioned activities, Plaintiffs have suffered damages and they are entitled to compensation in an amount to be determined by the trier of fact.

## COUNT V: MEDICAL MONITORING

Plaintiffs hereby incorporate by reference each and every allegation as set forth above.

26. Plaintiffs who were exposed to burning crude oil are more likely to suffer adverse health effects as a result thereof.

27. As a result of the derailment, and the defendants' fault, the plaintiffs will need to be followed by a health care provider on a regular basis.

7

Case 3:15-cv-13328 Document 1-1 Filed 09/21/15 Page 12 of 15 PageID #: 47
Case 2:15-cv-11111 Document 12469-1 Filed 09/21/15 Page 12 of 15 PageID #: 175299
09/02/2015 20:58 3042723496 PAGE 10/14

## COUNT VI. PUNITIVE DAMAGES

Plaintiffs hereby incorporate by reference each and every allegation set forth above.

28. The defendants conduct was willful, wanton, and reckless in causing the derailment and subsequent spill and fire.

29. Plaintiffs are entitled to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray for relief and judgment against Defendants as follows:

1. Compensatory damages in favor of Plaintiffs against Defendants for damages as alleged in this Complaint;

2. Compensatory damages, punitive damages, reasonable attorneys' fees, filing fees, and other reasonable costs of this lawsuit;

3. Prejudgment and post-judgment interest;

4. Past and future medical monitoring; and

5. Any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all appropriate issues.

Respectfully submitted,

P. Rodney Jackson
**LAW OFFICE OF P. RODNEY JACKSON**
401 Fifth Third Center
700 Virginia St. East
Charleston, WV 25301
WV Bar No. 1861
Email: prodjackson27@yahoo.com
Office Phone: (304) 720-6783
*Counsel for Plaintiffs*

8

Case 3:15-cv-13328 Document 1-1 Filed 09/21/15 Page 13 of 15 PageID #: 48
Case 2:15-cv-11111 Document 12469-1 Filed 09/21/15 Page 13 of 15 PageID #: 175300
09/02/2015 20:56 3042723496 PAGE 11/14

Travis A. Griffith
**GRIFFITH LAW CENTER, PLLC**
One Bridge Place
10 Hale Street, Suite 302
Charleston, WV 25301
WV Bar No. 9343
Email: travis@protectingwv.com
Office Phone: (304) 345-8999
*Counsel for Plaintiffs*

Mark Bryant
Emily Roark
**BRYANT LAW CENTER**
601 Washington Street
Paducah, KY 42003
Office Phone: (270) 442-1422
*Counsel for Plaintiffs*
*To Be Admitted Pro Hac Vice*

Calvin C. Fayard, Jr. (Louisiana Bar Roll Number 5486)
D. Blayne Honeycutt (Louisiana Bar Roll Number 18264)
Wanda J. Edwards (Louisiana Bar Roll Number 27448)
**FAYARD & HONEYCUTT, APC**
519 Florida Avenue, SW
Denham Springs, LA 70726
Office Phone: (225) 664-4193
Facsimile: (225) 664-6925
*Counsel for Plaintiffs*
*To Be Admitted Pro Hac Vice*

Exhibit 'A'
Brandy Sigman, et al vs. CSX Corporation, et al

1. Abbott, Deborah
2. Abbott, Harley Cheyenna
3. Abbott, Keeley Shey
4. Abbott, Terry
5. Abbot, Terry obo
    D         A
6. Akers, Thomas
7. Angel, James M.
8. Ashwell, James Mark
9. Ashwell, James Mark obo
    B         A
10. Ballard, Drema Ruth
11. Barrough, Margaret
12. Bobbitt, Ronald
13. Bohanna, Rita
14. Bostic, Edith
15. Bragg, Latosha
16. Bragg, Tracy
17. Bragg, Tracy obo
    A         B
18. Bragg, Tracy obo
    J         B
19. Bragg, Tracy obo
    J         B
20. Bragg, Tracy obo
    K         B
21. Bragg, Tracy obo
    M         B
22. Bragg, Tracy obo
    T         B
23. Brogan, Joseph M
24. Brogan, Kimberlie
25. Brogan, Robert
26. Brogan, Timothy D.
27. Brogan, Travis A.
28. Brown, Jean
29. Brown, II, Lawrence E.
30. Carelli, Harry
31. Carelli, Suann
32. Copering, Destyne
33. Danbery, Randy
34. Denny, Ashley

35. Diaz, Anita
36. Duncan, Ashley
37. Duncan, Ashely obo
    M         B
38. Dunlap, MichaelShane
39. Foster, Lynn
40. Foster, Melinda
41. Foster, Melinda obo
    B         F
42. Foster, Melinda obo
    M         F
43. Goodyear, Elizabeth
44. Haberfield, Brandi
45. Haberfield, Brandi obo
    M         G
46. Harper, Peggy
47. Hill, Freddie
48. Houchins, Richard
49. Houchins, Regina
50. Houchins, Regina obo
    H         B
51. Hudnall, Cathy
52. Hudnall, III, Darrell
53. Jones, Adam Neil
54. Justice, Bradley
55. Kenney, Floyd
56. Kenney, Sherri
57. Lehman, Barbara
58. Lovejoy, Jr, Andy R
59. Lovejoy, Sr, Andy
60. Lovejoy, Sr, Andy obo
    S         L
61. Lovejoy, Eva
62. Lovejoy, Eva obo
    E         L
63. Lovejoy, Eva obo
    N         L
64. Lovejoy, Jessica
65. Lovejoy, Vickie
66. Lucas, Myrtle V
67. Manley, Chris
68. Manley, Cody

## Exhibit 'A'
## Brandy Sigman, et al vs. CSX Corporation, et al

69. Manley, Patrick
70. Manley, Patrick obo
    A        M
71. McLamure, Jr, George
72. McKown, Harriet Sue
73. McMillion, Rebecca
74. Miller, Caroline
75. Miller, Devon
76. Miller, Joseph
77. Proctor, Bobby
78. Reynolds, Edward
79. Runyon, Rosa
80. Short, Joshua E
81. Short, Joshua E obo
    T        S
82. Short, Travis Hayes
83. Sigman, Brandy obo
    M        S
84. Sigman, Dewayne
85. Sizemore, Debra L
86. Sizemore, Debra L. obo
    Debra's Bookkeeping
    Service
87. Stevenson, Charles
88. Stevenson, Susan
89. Stewart, Harold
90. Stewart, Harold obo
    C        S
91. Stewart, Linda
92. Stuber, Christian
93. Stuber, Melanie
94. Stuber, Melanie obo
    L        S
95. Stuber, Melanie obo
    A        S
96. Yates, Regina