IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**BRANDY SIGMAN, et al.,**

    **Plaintiffs,**

v.                                                                                        **Case No.:  3:15-cv-13328**

**CSX CORPORATION, and
CSX TRANSPORTATION, INC., and
SPERRY RAIL, INC.**

    **Defendants.**

### MEMORANDUM OPINION and ORDER

Came the parties on the 18th day of August, 2016, by counsel, on the Motion of CSX Transportation, Inc. to Compel Plaintiffs' Responses to Discovery Questionnaires and for reasonable fees and costs associated with the motion. (ECF No. 67). Sperry Rail, Inc., joined in the Motion to Compel, but did not join in the request for reimbursement of fees and costs. Plaintiffs filed a response in opposition to the motion; CSX Transportation, Inc. filed a reply; and Plaintiffs filed a sur-reply. Therefore, the motion was fully briefed prior to the hearing. After considering the arguments of counsel, the court **DENIES** the motion to compel and the motion for reasonable fees and costs for the following reasons.

On December 7, 2015, the parties filed a Report of Parties' Planning Meeting, which included a preliminary discovery plan. (ECF No. 31 at 3-5). As part of the plan, the defendants were required to supply certain information to the plaintiffs, and the plaintiffs were required to "provide core information about each plaintiff and his or her claims, including setting up an information-sharing database." (*Id.* at 4). The defendants agreed

to propose categories of plaintiff-specific information for the database, and the parties were to meet and confer "to arrive at an agreed set of information to be exchanged." (*Id.* at 4-5). Although deadlines were set in the report for the defendants' obligations, no deadline was set for producing the core information about each plaintiff.

The parties worked together for the next two months and ultimately agreed on a "Discovery Questionnaire" that would be submitted to each plaintiff. Counsel for Plaintiffs suggested that the questionnaire be submitted in lieu of interrogatories; however, defense counsel refused that proposal.[1] (ECF No. 67-4 at 2; ECF No. 67-5 at 2). The finished questionnaire was supplied to Plaintiffs' counsel for dissemination to the plaintiffs on February 24, 2016. (ECF No. 67-11 at 39). At the time defense counsel forwarded the finished questionnaire, she requested that the completed forms be returned within thirty days. (*Id.*). However, no agreement was ever reached between the parties on the deadline for providing responses. Indeed, twenty-nine days later, on March 24, 2016, when Plaintiffs' counsel requested a Word version of the questionnaire, he advised defense counsel that "hopefully" responses to the questionnaires would start arriving within "a couple of weeks." By May 6, 2016, the defendants were becoming increasingly impatient with the lack of responses to the discovery questionnaires. Accordingly, defense counsel advised Plaintiffs' counsel that if completed questionnaires from all 96 plaintiffs were not received within one week, the defendants would seek relief

---

[1] In a May 6, 2016 letter from April Ross, defense counsel, to D. Blayne Honeycutt, the plaintiffs' counsel, Ms. Ross indicates that the defendants proposed on February 1, 2016 to submit the questionnaires "in lieu of issuing formal interrogatories and document requests." (ECF No. 67-11 at 2). However, that statement directly contradicts Ms. Ross's February 10, 2016 e-mail correspondence to Mr. Honeycutt in which she stated, "the defendants cannot agree that the questionnaire is 'in lieu of written discovery concerning [plaintiff's] individual damages' … [a]ccordingly, CSXT and Sperry reserve their rights as the case proceeds to serve formal discovery as allowed by the Rules." (ECF No. 67-4 at 2). In any event, the parties made no formal agreement. No stipulation was filed, nor was an agreed order ever tendered to the court.

from the court. On June 1, 2016, the defendants filed the instant motion to compel. After filing the motion, but before the hearing, 91 of the 96 plaintiffs provided their questionnaires. According to Plaintiffs' counsel, the other five plaintiffs cannot be located. Consequently, their cases will be dismissed without prejudice.

Federal Rule of Civil Procedure 37 allows a party to move for the entry of an order compelling disclosure or discovery. Rule 37(a)(3)(A) and (B) set forth the specific motions that may be filed, indicating that a party may move to compel (1) a disclosure required by Rule 26(a); (2) the answer to a question under Rule 30 or 31; (3) a designation under Rule 30(b)(6) or 31(a)(4); (4) an answer to an interrogatory under Rule 33; and (5) the production of documents or an inspection under Rule 34. *See* Fed. R. Civ. P. 37(a)(3).[2] If the motion is granted, or if the disclosure or discovery is provided after the filing of the motion, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). There are certain exceptions to an award of expenses, including substantial justification for the nondisclosure or nonproduction, or other circumstances that would make an award of expenses unjust. *Id.*

Although the undersigned certainly appreciates the frustration experienced by the defendants in pursuing completed discovery questionnaires, the defendants have not provided a factual basis upon which the court can compel answers and award expenses. The discovery questionnaires were not Rule 26(a) disclosures, and the parties had no agreement that the questionnaires constituted written discovery. In fact, the defendants

---

[2] Rule 37 includes other scenarios that would justify an order compelling cooperation with discovery and an award of expenses; however, none of those scenarios applies in this case.

expressly declined such an agreement, choosing to reserve their right to file formal interrogatories and document requests. Thus, the discovery questionnaire was, in effect, a type of "informal" discovery not explicitly contemplated by Rule 37(a). Moreover, the parties had no meeting of the minds as to a deadline for submission of the completed questionnaires. Although deadlines were set for other informal discovery, no deadlines attached to the plaintiffs' questionnaires. Consequently, the court is hard-pressed to compel the plaintiffs to provide information that is not in response to a formal discovery request or disclosure, or punish the plaintiffs for failing to meet a deadline unilaterally imposed by defense counsel. At most, the court can add formality to the questionnaires by setting a deadline by which the responses must be provided. However, such an order is moot, as the parties agree that all of the completed questionnaires have now been supplied.

Wherefore, the motion to compel and for reasonable fees is **DENIED**. The parties are encouraged to include deadlines for all informal discovery in the future, and to do so by stipulation filed with the Clerk of Court or by an agreed order tendered to the undersigned.

The Clerk is instructed to provide a copy of this Order to counsel of record.

**ENTERED:** August 18, 2016

_____
Cheryl A. Eifert
United States Magistrate Judge