IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**BRANDY SIGMAN, et al.,**

    **Plaintiffs,**

v.                                                 Case No.: 3:15-cv-13328

**CSX CORPORATION, and
CSX TRANSPORTATION, INC., and
SPERRY RAIL, INC.**

    **Defendants.**

### **MEMORANDUM OPINION and ORDER**

Pending is Defendant Sperry Rail, Inc.'s Motion to Compel Plaintiffs to Respond to Sperry's Second Set of Interrogatories and Requests for Production of Documents. (ECF No. 109). Plaintiffs have filed a response in opposition to the motion, (ECF No. 114), and Sperry Rail, Inc. ("Sperry") has filed a reply memorandum. (ECF No. 119). The issues in dispute are clear; therefore, oral argument on the motion is unnecessary. For the following reasons, the court **GRANTS**, in part, and **DENIES**, in part, Sperry's motion.

This civil action, arising from a train derailment in Fayette County, West Virginia, has been designated a complex case under this district's local rules. Consequently, discovery has not progressed as rapidly as usual. Although the case was removed to this court in September 2015, discovery did not begin until the middle of January 2016. While the extent of the discovery undertaken is not entirely clear from the docket sheet, a recent scheduling order set a deadline of December 31, 2016 to serve requests for the production of documents and a deadline of February 28, 2017 for fact witness depositions. (ECF No.

1

107). Deadlines related to expert witness discovery and a trial plan for bellwether cases have not yet been determined. Therefore, considerable discovery remains to be completed.

Sperry asks the court to compel Plaintiffs to respond to seven interrogatories and nine requests for the production of documents contained in Sperry's second set of written discovery. The seven interrogatories ask for information related to Plaintiffs' liability claims and contentions, and the nine document requests seek the supporting documentation. Plaintiffs have objected to all of the discovery requests on the basis that they are "premature." (ECF No. 109-2).

Sperry argues that it is entitled to full and complete answers to the discovery requests in order to "focus the issues in dispute," and to determine whether Plaintiffs' claims are preempted by federal law. (ECF No. 110 at 8-12). Sperry contends that Plaintiffs' objections to the discovery requests are generic and non-specific and, thus, violate the applicable rules of civil procedure and case law of this circuit. Furthermore, Sperry asserts that Plaintiffs should be capable of responding to the discovery considering that (1) the derailment occurred nearly two years ago, and (2) Plaintiffs have taken comprehensive depositions of Sperry's employees.

In response, Plaintiffs maintain that the interrogatories and document requests are premature until fact and expert witness discovery is completed. Plaintiffs argue that new and additional theories of liability may be developed through discovery; accordingly, their theories cannot be fully articulated until that time. Plaintiffs point to the Manual for Complex Litigation, § 11.34, to support their position that an order requiring them to disclose their theories of liability is not appropriate until the case enters the summary judgment stage. (ECF No. 114).

### ***Contention Interrogatories***

The seven interrogatories in dispute are known as "contention interrogatories." "Contention interrogatories have been defined as interrogatories that request a litigant 'to state what it contends; to state whether it makes a specified contention; to state all facts upon which it bases a contention; to take a position, and explain or defend that position ... or to state the legal or theoretical basis for a contention.'" *Taggart v. Damon Motor Coach*, No. 5:05-CV-00191, 2007 WL 152101, at *7 (N.D. W. Va. Jan. 17, 2007) (quoting *B. Braun Med. Inc. v. Abbott Lab.,* 155 F.R.D. 525, 527 (E.D. Pa. 1994)). Contention interrogatories are expressly permitted by Fed. R. Civ. P. 33(a)(2) and are considered useful to "help pin down an opponent's legal theories in a case as well as the primary facts supporting them." *Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.,* 173 F.R.D. 651, 652 (D. Md. 1997)).

Nevertheless, most courts agree that "[d]ue to the nature of contention interrogatories, they are more appropriately used after a substantial amount of discovery has been conducted—typically at the end of the discovery period." *Capacchione v. Charlotte–Mecklenburg Board of Education,* 182 F.R.D. 486, 489 (W.D.N.C. 1998). Premature contention interrogatories are discouraged for several reasons. First, there is "the unfairness of requiring a party to prematurely articulate theories which have not yet been fully developed." *Cornell Research Found., Inc. v. Hewlett Packard Co.,* 223 F.R.D. 55, 66 (N.D.N.Y. 2003). In addition, "a lawyer's unwillingness to commit to a position without an adequately developed record will likely lead to vague, ambiguous responses," which are effectively useless. *Taggert,* 2007 WL 152101, at *8 (citing *In re Convergent Technologies Sec. Litig.,* 108 F.R.D. 328, 338 (N.D. Cal. 1985)). Moreover, in cases where the parties anticipate the production of "an expert report which will touch on the very

3

contentions at issue, the Court should normally delay contention discovery until after the expert reports have been served, which may then render moot any further contention discovery." *BB & T Corp. v. United States*, 233 F.R.D. 447, 450–51 (M.D.N.C. 2006) (citing *United States v. Duke Energy Corp.,* 208 F.R.D. 553, 558 (M.D.N.C. 2002)).

Here, although the case has been pending on the court's docket for more than a year, discovery is not nearing its end. One of Plaintiffs' experts only recently examined the track at issue, and no expert reports have been exchanged. Accordingly, the undersigned finds that Sperry's contention interrogatories are premature and **DENIES**, without prejudice, Sperry's motion to compel answers to the interrogatories. The court notes that Plaintiffs have not objected to the interrogatories on any ground other than their prematurity. Therefore, Plaintiffs shall be required to respond to the interrogatories in conjunction with or very after shortly after the production of expert reports, and prior to the close of all discovery. *See Capacchione,* 182 F.R.D. at 489-90.

### *Requests for the Production of Documents*

Sperry also requests an order compelling Plaintiffs to produce documents responsive to the first nine document requests set out in Sperry's second set of discovery. Once again, Plaintiffs claim that the requests are premature. The undersigned disagrees. Although Plaintiffs may not have finalized all of their theories of liability, the document requests do not require a final production of documents, rather they seek materials currently in Plaintiffs' possession, custody, or control, which are relied upon to support their discrete liability allegations. *See* Fed. R. Civ. P. 34(a)(1). Thus, to the extent that Plaintiffs have documents in their custody or control that they believe support their claims, the documents should be produced to Defendants. As additional responsive documents are identified, Plaintiffs are required by Fed. R. Civ. P. 26(e) to promptly

4

supplement their answers to Sperry's requests for the production of documents. Therefore, Sperry's motion to compel answers to their document requests, second set, numbers 1 through 9 is **GRANTED**. Plaintiffs are **ORDERED** to provide supplemental answers within **fourteen (14) days** of the date of this Order.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** December 27, 2016

_____
Cheryl A. Eifert
United States Magistrate Judge