IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

BRANDY SIGMAN, et al.,

                Plaintiffs,

v.                                              CIVIL ACTION NO. 3:15-13328

CSX CORPORATION,
CSX TRANSPORTATION INC., and
SPERRY RAIL, INC.,

                Defendants.

**ORDER**

Pending before the Court is Plaintiffs' Unopposed Motion to Dismiss With Prejudice the Individual Claims of Samira Dahbi and Abderahmane Eloirzazi Individually and on Behalf of His Minor Child, Alexander Eloirzazi ("the Motion"). ECF No. 162. Plaintiffs, through counsel, in the Motion and in the attached affidavit, detailed the lengths to which counsel went in order to contact the three individual plaintiffs named in the motion ("the three plaintiffs"). Plainttifs' counsel sent newsletters and other requests and updates to the file addresses for the three plaintiffs, attempted to call them, visited their last known place of employment, used social media to try contact them, ran online searches through TLO and Persopo, and drove to other possible addresses discovered during the search. *Unopposed Mot. to Dismiss With Prejudice the Individual Claims*, Ex. A, ECF No. 162-1, at 1-2. However, the three plaintiffs could not be contacted despite these reasonably extensive efforts of their counsel. This stands in stark contrast to counsel's ability to stay in contact with the 468 other individual plaintiffs. *Unopposed Mot. to Dismiss With Prejudice the Individual*

*Claims*, ECF No. 162, at 1. Defendants do not oppose the motion to dismiss the individual claims of the three plaintiffs.

Although the Motion does not cite to a particular rule, the Court treats it as requesting involuntary dismissal for failure to prosecute pursuant to *Fed. R. Civ. P.* 41(b). *See Andes v. Versant Corp.*, 788 F.2d 1003, 1037 (4th Cir. 1986) (providing that the district court's order could have been based upon either Rule 41(a)(2) or Rule 41(b)). Rule 41(b) provides, in part, that "if the plaintiff fails to prosecute . . . , a defendant may move to dismiss the action."[1] *Fed. R. Civ. P.* 41(b). Furthermore, "unless the dismissal order states otherwise" a dismissal under the rule "operates as an adjudication on the merits." *Id*. The dismissal of a claim under Rule 41(b) falls within the discretion of a district court. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (analyzing a district court's Rule 41(b) dismissal under the abuse of discretion standard).

Dismissing a claim with prejudice under Rule 41(b) "is a harsh sanction which should not be invoked lightly in view of 'the sound public policy of deciding cases on their merits.'" *Herbert v. Saffell*, 877 F.2d 267, 269 (4th Cir. 1989) (citing *Davis*, 588 F.2d at 70). In deciding whether dismissal with prejudice is appropriate the district court must consider four factors:

> (1) the degree of personal responsibility of the plaintiff; (2) the amount of prejudice caused the defendant; (3) the existence of a 'drawn out history of deliberately proceeding in a dilatory fashion;' and (4) the existence of sanctions less drastic than dismissal.

*Id.* (applying the *Davis* factors to Rule 41(b) and finding that the District Court abused its discretion). Applying these factors, as explained below, the Court believes that dismissal of the three plaintiffs' claim with prejudice would be inappropriate. The defendant can be adequately

---

[1] That Plaintiff filed the Motion does not affect this Court's treatment of the Motion as pursuant to Rule 41(b). The procedural aspect of the rule has been interpreted broadly. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). The Supreme Court of the United States has not read Rule 41(b) as requiring a motion to be filed the defendants. *Id*.

protected from any prejudice by dismissing the three plaintiffs' claims without prejudice, but with certain conditions.

The first factor weights in favor of dismissing with prejudice. It is clear from the Motion and the accompanying affidavit that the three plaintiffs are personally responsible for the failure to stay in contact with their attorneys. Counsel outlined the extensive efforts they undertook to get in contact with the three plaintiffs. *Unopposed Mot. to Dismiss With Prejudice the Individual Claims*, Ex. A, at 1-2. However, these efforts were fruitless. Plaintiffs' counsel not only has demonstrated diligence in attempting to get in contact with the three plaintiffs, but also has demonstrated the capacity to successfully keep in contact with the other 468 plaintiffs. These facts lead the Court to determine that the three plaintiffs are responsible for the failure to prosecute their claims.

The second factor, prejudice to the defendant, likewise weights in favor of dismissing with prejudice. As noted in the Motion, the inability to contact the three plaintiffs "could jeopardize" a proposed settlement with one of the defendants. *Unopposed Mot. to Dismiss With Prejudice the Individual Claims*, at 1. Risking a defendant's attempt to resolve the matter without additional costs of litigation constitutes a prejudice to the defendant. *See U.S. v. Merrill*, 258 F.R.D. 302, 309 (E.D.N.C. 2009) (finding that a delay caused by a party that affected that defendants' ability to settle, in part, weighed in favor of the second *Davis* factor and was prejudicial to the defendants). The defendants were also prejudiced by the delay in the settlement process caused by the three plaintiffs' failure to respond to, stay in communication with, and provide their updated information to, their counsel. *See id.* These delays increase the cost of litigation, further jeopardizing the already threatened potential settlement. These settlement risks and delays caused by the three

plaintiffs, when viewed in the context of this nearly two year-long course of litigation, prejudices the defendants.

The third factor, the existence of continuing deliberate delay in litigation, does not weight in favor of dismissing with prejudice. In this case, the defendants have not alleged that the plaintiffs, through their counsel, have acted in a deliberately dilatory fashion. In addition to plaintiffs' counsel searching at length to locate and contact the three plaintiffs, plaintiffs' counsel filed the motion to dismiss currently pending before the Court. To this point, the diligence of plaintiffs' counsel has largely prevented the possible unduly delay in proceedings that could have been caused by the inaction of the three plaintiffs. If allowed to continue, the three plaintiffs' lack of action would likely cause the type of dilatory litigation this factor contemplates. However, even if litigation because lagged due to the three plaintiffs, there is no showing that the three plaintiffs have deliberately failed to keep in contact with, or be available to, their counsel. To assume that the three plaintiffs deliberately have been incommunicado would reach beyond what has been provided to the Court.

On the whole, the first three factors weight in favor of dismissing the three plaintiffs' claims with prejudice. But consideration of the fourth factor, whether a less serious alternative exists, counsels against such a harsh sanction in this case. Determining whether a less drastic alternative exists is potentially the most important factor in this analysis. *Herbert*, 877 F.2d at 270 ("Most importantly, we see no evidence that the district court considered other, less drastic, sanction to compel compliance . . . .").

The Court finds that dismissing the three plaintiffs' claims without prejudice, but with a condition, will adequately protect the risk of prejudice to the defendant, while also allowing for a less severe sanction. The Fourth Circuit has recommended that dismissals with conditions "should

be imposed as a matter of course in most cases." *Davis v. USX Corp.*, 819 F.2d 1270, 1276 (4th Cir. 1987). Specifically, this Court finds dismissing without prejudice is appropriate on the condition that in any subsequent action, defendants are hereby permitted to use discovery material developed in this case regarding the claims that the three plaintiffs had. This largely protects the defendants from prejudice by saving the defendants the cost of duplicating what has been already accomplished in this litigation. This also protects the three plaintiffs from the harshness of a dismissal with prejudice, while still punishing them for failing to do what is most basic for a client in litigation: return your lawyer's calls. Where the Court has not found evidence that the three plaintiffs deliberately avoided their lawyers in order to delay proceedings, this less drastic course of action is appropriate. Additionally, the Fourth Circuit has approved of this type of future discovery condition. *See id*.

Accordingly, this Court **GRANTS** the motion and **DISMISSES WITHOUT PREJUDICE** the individual claims of Samira Dahbi and Abderahmane Eloirzazi individually and on behalf of his minor child, Alexander Eloirzazi. As a condition of this dismissal without prejudice, the defendants are hereby permitted to use any discovery material developed in connection with this case in any subsequent action concerning the facts that gave rise to the three plaintiffs' current claims.[2]

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

---

[2] The Court grants this dismissal without prejudice, appreciating that the three plaintiffs' claims may now be barred by the applicable statute of limitations. However, concerning any possible future litigation by the three plaintiffs, the Court neither takes any position regarding the possible applicability of the statute of limitations, nor any tolling of the statute of limitations that may or may not have taken place.

ENTER: September 13, 2017

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE